Ronald J. Ellett (Bar No. 012697)
ELLETT LAW OFFICES, P.C
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510
Facsimile: (602) 235-9098

Attorney for **Debtor**

Dated: January 14, 2010

_____
REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge

In the United States Bankruptcy Court

For the District of Arizona

| | |
|---|---|
| In re: | In Proceedings Under Ch. 13 |
| Jon and Christine Driscoll | Case No. 09-bk-08577-RTB |
| Debtor. | STIPULATED ORDER |

The Debtor's Plan was filed on May 8, 2009. The Creditors received a copy of the Plan and received a notice and an opportunity to participate in a hearing. The Court finds that the Plan meets the requirements of 11 U.S.C. §1325.

It is ordered that the Debtor's chapter 13 Plan is confirmed with the following provisions.

1. **Payments.**

Commencing May 27, 2009, earnings of $485.00 every two weeks ($1051.00 per month) for months 1-11 and future earnings of $686.05 every two weeks ($1486.00 per month) for the duration of the plan. Payments shall be made by or on behalf of the Debtor to the Trustee for a period of 60 months. If at any time before the end of this period all claims are paid, then the plan shall terminate. Debtor is instructed to remit all payments on or before the stated due date each month. The Debtor is advised that if any payments are made late, additional interest may accrue on secured debts which may result in a funding short fall at the end of the Plan term. Any funding short fall must be cured before the Plan can be discharged. These requirements are effective regardless of Plan payments, suspensions, waivers, or moratoriums.

The Debtor is required to provide directly to the Trustee copies of his/her Federal and State Income Tax Returns for 2009 and 2010 calendar years within 30 days of filing. The Debtor agrees to keep current the filing of all required post-petition tax returns, as well as making all payments due on such returns. All payments due to the Department under the Plan shall be made to the "Arizona Department of Revenue" and sent to the Attorney General's Office, Bankruptcy & Collection Enforcement, 1275 West Washington Street, Phoenix, Arizona 85007-2926.

The debtor will turnover tax refunds for tax year 2010. These payments shall be applied as follows: first as advance payments for the months in excess of 36 months of the plan, and thereafter as supplemental plan payments.

2. **Trustee's Compensation.**

The Trustee shall receive such percentage fee of Plan payments as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. §586 (e) but not to exceed 10%.

3.  **Attorney's Fees.**

Debtor's attorney was paid $1274.00 pre-petition. Further, Debtor's attorney shall be paid an additional $3,726.00 as a fee prior to the commencement of any payments on any claim listed hereinafter. This award is for the first 8.1 hours of counsel's time in this case. This award is without prejudice to a future award based upon time in excess of 8.1 hours and a proper application for an additional award of fees.

4.  **Adequate Protection Payments.**

Catholic Communication CU - $175.05 per month
Catholic Communication CU - $82.80 per month

5.  **Claims Secured by Real Property.**

Address - 23027 N. 90th Way, Scottsdale, AZ 85255
Market Value - $500,000.00

The Debtor shall continue to make their monthly mortgage payments to America's Servicing Company "ASC" outside the plan. Debtors will also pay $30,075.85 through the plan to ASC as and for arrearage on the home.

The Claim of Wells Fargo is not secured and will be avoided pursuant to 11.U.S.C. 1322, Wells Fargo claim will be treated as unsecured.

Debtor will also pay $1,339.73 plus applicable interest through the plan to Maricopa County as and for property taxes owed.

6.  **Claims secured by personal property to be surrendered by Debtor.**

a.  The debtor shall abandon all claims and interest in the following property. The value of the collateral shall be deducted from the creditor's claim and the balance, if any, shall be paid as an unsecured claim.

| Creditor/Security | Balance/Value of security | Paid as unsecured |
|---|---|---|
| None. | | |

7.  **Claims Secured by Personal Property.**

a. (Property to be retained by debtors.) The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property securing their claim, together with interest at the rate specified. Upon payment of this amount their security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claim listed hereafter.

Any claims not specifically named in this Order are presumed to be unsecured claims.

| Creditor/Security | Balance/Value of security | Interest rate | Paid as secured/unsecured |
|---|---|---|---|
| Catholic Communication CU/ 2004 Volvo XC90 | $14,604.85/$17,505 | 8% | $14,604.85/$0.00 |
| Catholic Communication CU/ | $7,573.37/$8,280 | 8% | $7,573.37/$0.00 |

ELLETT LAW OFFICES, P.C.
2999 North 44th Street, Suite 550
Phoenix, Arizona 85018
(602) 235-9510

ELLETT LAW OFFICES, P.C.
2999 North 44th Street, Suite 550
Phoenix, Arizona 85018
(602) 235-9510

2002 Mustang

**8. Priority Claims.**

IRS - $2,222.00

**9. Unsecured Claims.**

All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan, pro rata. Any amounts unpaid shall be discharged, except that any student loans meeting the requirements of 11 U.S.C. § 523(8) are not discharged.

The plan and order do not constitute a formal or informal proof of claim for any creditor.

**10. Executory Contracts.**

None.

**11. Effective Date and Vesting.**

The effective date of the Plan shall be the date of the Order confirming the Plan. Property of the estate shall vest in the debtor upon confirmation. The debtor may use the property in any manner or may sell the property without further Order of the Court upon Trustee approval.

DATED:

_____
The Honorable Judge Baum
United States Bankruptcy Judge

Stipulated and Approved by:	Stipulated and Approved by:

_/s/ RJ Ellett_____
Ronald J. Ellett, Esq.
Attorney for Debtor

Stipulated and Approved by:

_____
Russell Brown, Trustee

_/s/_____
Mark S. Bosco
Leonard J. McDonald
Attorneys for America's Servicing Company

# PLAN ANALYSIS

Debtors: __Jon & Christine Driscoll__   Case # _____

Prior: Bankruptcy ( )   Chapter 13   Date: _____

Estimated Length of Plan __60__ months.

Trustee Use
§ 341 Meeting Date: _____
Continued: _____
Confirmed Date: _____

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS
   1. Unpaid attorney's fees.....................................................$ __3,726.00__
   2. Taxes..............................................................................$ __2,222.00__
   3. Other (estimated additional attorney fees).........................$ __2,710.25__
B. TOTAL OF PAYMENTS TO CURE DEFAULTS.....................$ __30,075.85__
C. TOTAL OF PAYMENTS ON SECURED CLAIMS...................$ __31,500.00__
D. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS...$ __100.00__
E. SUB-TOTAL.........................................................................$ __70,334.10__
F. TOTAL TRUSTEE'S COMPENSATION (10% of Debtors' payments)...$ __7,814.90__
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES...............$ __78,149.00__

## RECONCILIATION WITH CHAPTER 7

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
   1. Value of Debtor's interest in nonexempt property.................$ __0.00__
   2. Plus: value of property recoverable under avoiding powers...$ __0.00__
   3. Less: estimated Chapter 7 administrative expenses.............$ __0.00__
   4. Less amount payable to priority creditors other than costs of administration...$ __0.00__
   5. Equals: estimated amount payable to general unsecured creditors if Chapter 7 filed (if negative, enter zero)...$ __0.00__

I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7.........$ __0.00__
J. ESTIMATED DIVIDEND UNDER PLAN.....................................$ __100.00__

\* IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND, THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

*ELLETT LAW OFFICES, P.C.*
2999 North 44th Street, Suite 550
Phoenix, Arizona 85018
(602) 235-9510